Green, J.
delivered the opinion of the court.
This suit is brought by the payee against the drawer of a bill of exchange. On the trial of the cause in the Circuit Court, *52 the plaintiff read in evidence the protest of William Christie, a Notary Public of New Orleans, for the non-acceptance of the bill, dated the 23d of January, 1841; and offered to read the certificate of said Notary, dated the 8th April, 1842, that he had addressed a notice to the drawer at Memphis, and deposited it in the post office at New Orleans on the said 23d of January, 1841. To the reading said certificate the defendant objected, and the court sustained the objection and refused to permit said certificate to be read, to which the plaintiff excepted. The jury found a verdict for the defendant, and the plaintiff appealed to this court.
The act of 1820, ch. 25, sec. 4, (Car. &Nich. 503,) provides, “That when a bill of exchange, promissory note, or writing obligatory, shall have been duly protested by a Notary Public for non-acceptance or non-payment, and the Notary shall have certified either in or on his protest, that he has given notice of demand of payment and refusal, or the dishonor of such bill, promissory note, or writing obligatory, to the endorsers, makers, or others concerned, such protest shall he prima facie evidence of the fact of notice.” This act provides that the certificate of notice shall be evidence when it is made in or on the protest, and constitutes part of'the transaction at the time the protest is made. For it says, that the certificate thus being made, the protest shall be prima facie evidence, showing that such certificate must be incorporated in the protest as part of it, or be upon the same paper containing the protest, so as to constitute a part of it, and thus be included in the general expression of the act, that “such protest shall he prima facie evidence of notice.”
In the present case the certificate of notice does not constitute part of the protest, not having been placed on the protest at the time it was made, but was made out as a separate document more than a year after the protest was made, stating the facts that did occur at the time of making the protest. It is not embraced either in the words or meaning of the statute, and was, therefore, properly rejected. Affirm the judgment.